Percy L. Wilburn, Chief of Police P.O. Box 725 Lake Village, AR 71653
Dear Chief Wilburn:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
You indicate that a request has been presented to the City of Lake Village for certain records pertaining to a particular employee of the Lake Village Police Department. More specifically, the request asks for copies of the employee's "psychological evaluation tests and results of all tests since he was employed by the Lake Village Police Department including all his different terms of employment."
You further indicate that you have determined that the requested records constitute personnel records, and that their release would constitute a clearly unwarranted invasion of the employee's personal privacy. Accordingly, you have determined that the records should not be released.
I am directed by law to issue my opinion as to whether your determination regarding the release of these files is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
I must note initially that you have not provided me with copies of the records that have been requested. Without having reviewed these records, I cannot opine definitively concerning their releasability. Nevertheless, I will discuss the principles of law that are applicable to the types of records that have been requested.
Test Results Generally
It is my opinion that you have correctly classified any records that generally reflect test results as "personnel records." This office has traditionally viewed the test results of individual employees as constituting "personnel records," within the meaning of the FOIA. See,e.g., Op. Att'y Gen. No. 2000-119. The Attorney General has fairly consistently taken the position that individuals' specific test scores are exempt from disclosure under the FOIA's exemption that is available for personnel records,[1] in circumstances where the candidates' identities would be known, but that where the candidates' identities would not be known, the records reflecting this information should be released. See, e.g., Ops. Att'y Gen. Nos. 2000-119; 99-016; 99-002; 97-177; 97-034; 97-033; 93-079; 89-054; and other opinions cited therein. The reasoning underlying these positions has been stated as follows:
 [T]he public has a valid interest in knowing whether public employees possess a requisite level of skill to perform their duties. By the same token, the public has an interest in knowing which public employees have received specialized training. The public's interest in public employees' training and performance does not, however, extend to the actual performance by each individual public employee unless a particular employee fails to perform his or her duties properly. The public's interest is even further diminished when the performance in question took place in a training context, rather than in the context of the performance of actual duties. Information indicating specific scores is not necessary in order to satisfy the public's interest in this matter. Moreover, specific score information is sufficiently private that its disclosure could subject the affected individuals to embarrassment or could affect future employment.
Op. Att'y Gen. No. 97-033 at 4. Accord, Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992).
Because the release of the requested "results of all tests" for this particular employee would undoubtedly reflect the identity of that employee, your decision not to release these records appears to be consistent with the FOIA, as I have interpreted it.
Psychological Evaluation Results
The "psychological evaluation tests" may also constitute "personnel records," see Op. Att'y Gen. No. 98-202, but could constitute "medical records," within the meaning of the FOIA. See Op. Att'y Gen. No.2000-122.
The term "medical records," as used in the FOIA, is not defined. The Attorney General has consistently interpreted the term "medical records" to encompass "records containing information relating to the treatment or diagnosis of a medical condition." See, e.g., Ops. Att'y Gen. Nos.2000-122; 99-110; 98-202; 89-147. The "psychological evaluation tests" that have been requested could constitute "medical records," according to this interpretation. Medical records are exempt from disclosure under the FOIA, pursuant to A.C.A. § 25-19-105(b)(2). If, as a factual matter, the "psychological evaluation tests" that have been requested constitute "medical records," they should not be released.
As noted above, even if the "psychological evaluation tests" do not factually constitute "medical records," they do constitute "personnel records." Accordingly, the question of whether they should be released under these circumstances is a question of fact. The Attorney General has previously taken the position that the public has a valid interest in knowing that its law enforcement officers are psychologically fit for duty, and that accordingly, the pass/fail results of a psychological evaluation should be released. See Ops. Att'y Gen. Nos. 98-202; 92-319. However, the Attorney General has also opined that the substance of the psychological evaluation itself should be scrutinized more carefully before a decision is made to release it. Id.; Op. Att'y Gen. No. 98-202. Such scrutiny would likely reveal that the employee has an overriding privacy interest in withholding the record from release.
If, after conducting the foregoing analysis, you determine that any of the requested records should be released, you should determine whether any specific information contained in those records should be redacted prior to their release. For example, it is appropriate to redact Social Security numbers, see, e.g., Op. Att'y Gen. No. 99-011, citing5 U.S.C. § 552a (the "Federal Privacy Act"), and it may be appropriate to redact the employee's address and telephone number. See, e.g., Op. Att'y Gen. No. 00-043.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of the personal privacy" of the subject of the records. A.C.A. § 25-19-105(b)(10).